# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE: ASBESTOS LITIGATION:

JAMES WILSON and MARCIA, )
JOHNSON, his wife, )
                      )
          Plaintiffs, )
                      )    C.A. No.: N24C-04-159 ASB
      v. )
                      )
AIR & LIQUID SYSTEMS, et al., )
                      )
         Defendants. )

Submitted: May 2, 2025
Decided: May 14, 2025

**OPINION AND ORDER**
*On Plaintiffs' Motion for Reconsideration*

**GRANTED**

*Brian Tome, Esquire,* Fisher Broyles, LLP, Wilmington, Delaware, *Attorney for Plaintiff.*

*Michael Collins Smith, Esquire,* Balick & Balick, LLC, Wilmington, Delaware, *Attorney for Defendant.*

**Jones, J.**

On April 17, 2025, this Court entered an Order in this asbestos case granting summary judgment to Meritor Inc. on the basis of product nexus. This Court found that during the period of Plaintiff's exposure to Rockwell brakes, for which Meritor is responsible, Rockwell supplied both asbestos containing and nonasbestos containing brakes. On this basis the Court applied the standard in *Droz v. Hennessy LLC*,[1] which required that Plaintiff produce evidence that the Rockwell brakes, to which Plaintiff was exposed, contained asbestos. To meet this burden, Plaintiff maintained that he was exposed to Rockwell brakes at SCI beginning in 1983 and continuing through 2020. Plaintiff was unable to say that the Rockwell brakes he worked with contained asbestos. To meet the *Droz* standard, Plaintiff relied on a letter from Rockwell to the EPA in which Rockwell represented that nearly all Rockwell on-highway brakes contained asbestos until 1985 and that all off-road Rockwell brakes contained asbestos until at least 1986. The Court found that this evidence was insufficient for Plaintiff to meet the *Droz* standard.

The Court will only grant reargument when it has overlooked controlling precedent or legal principles, or misapprehended the law or facts in a way that

---

[1] 275 A.3d 257 (Del 2022).

would have changed the outcome of the underlying decision.[2] Reargument is not an opportunity for a party to revisit arguments already decided by the Court.[3]

The Court is persuaded that, in its initial decision, it misapprehended the facts in a way that changes the outcome. In short, the Court did not adequately appreciate the significance of the EPA letter as it relates to Plaintiff's burden under *Droz*.

In *Droz v Hennessy Industries,*[4] the Delaware Supreme Court addressed the plaintiff's burden to establish product nexus where a defendant supplied both an asbestos containing and a nonasbestos containing product at the same time. The Court held that a plaintiff could meet his burden by both direct and circumstantial evidence. The question in the instant case is whether Plaintiff has met his burden by circumstantial evidence, namely Plaintiff's work history and its reliance on Rockwell's July 3, 1986 letter to the EPA.

The evidence, when viewed in a light most favorable to the Plaintiff, leads to a conclusion that Rockwell did not sell nonasbestos containing on-road tractors or trailer brakes until 1983. In 1983, Rockwell began transitioning to nonasbestos containing brakes. In a July 1986 letter to the EPA, Rockwell represented that, as of June 1985, 15% to 20% of On-Highway Truck brakes were nonasbestos

---

[2] *See Peters, ex rel. Peters v. Texas Instruments, Inc.*, 2012 WL 1622396, at \*1 (Del. Super. May 7, 2012), *aff'd*, 58 A.3d 414 (Del. 2013), as revised (Jan. 9, 2013).
[3] *See Id.*
[4] 274 A.3d 257 (Del. 2022).

containing and, by July 1986, that percentage increased to 30% to 35%. The letter also represented that, as of June 1985, 15% to 20% of On-Highway Trailer brakes had nonasbestos containing brakes and, by June 1986, that percentage had grown to 55% to 60%. Finally, the letter also reflects, as of 1986, all the Rockwell brakes for off road vehicles contained asbestos.

This evidence constitutes sufficient circumstantial evidence under the *Droz* standard to create an issue of fact that Plaintiff was exposed to asbestos containing Rockwell brakes rather than Rockwell nonasbestos containing brakes. The question is whether Plaintiff has produced sufficient evidence that he was exposed to these types of Rockwell brakes during the time period of 1983 to 1986 in his work at SCI to such an extent that meets the *Lohrman* standard.[5] When the record is viewed in a light most favorable to Plaintiff it leads to a conclusion that Plaintiff was doing brake work from the time he began working in the SCI maintenance shop, a month after he started at SCI in April 1983. His brake work involved working with Rockwell brakes 50% of the time between the 1983 and 1986 time period. This record satisfied the required frequency, regularity, and proximity to Rockwell asbestos containing brakes during the period of 1983 through 1986, which is the only period for which he can meet the *Droz* burden.

---

[5] *Gorman-Rupp Co. v. Hall*, 908 So.2d 749, 754-57 (Miss. 2005).

Under the unique facts of this case, Plaintiff has met his burden under *Droz* and has established that he worked with Rockwell asbestos containing brakes during the time period described above to meet the required frequency, regularity and proximity standard. On this record, Plaintiff has met his product nexus burden and the Court's prior Order Granting Summary Judgment in favor of Meritor must be, and hereby is, vacated. Meritor's Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:    File&ServeXpress